99 F.3d 1144
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Michael A. WEED, Appellant,
v.
INTERNATIONAL BUSINESS MACHINES CORPORATION, Appellee.
 No. 96-1817.
 United States Court of Appeals, Eighth Circuit.
 Submitted: Oct. 4, 1996.
Filed: Oct. 10, 1996.
 
 Before BOWMAN, BEAM, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Michael A. Weed filed an action in November 1995, claiming that his 1991 discharge from International Business Machines Corporation (IBM) constituted a breach of his employment contract, and that IBM had violated the Employee Polygraph Protection Act of 1988 (Polygraph Act), 29 U.S.C. §§ 2001-2009 (1994). The polygraph claims were based on events that took place during the discovery stage of an earlier federal lawsuit Weed had filed against IBM. Weed subsequently filed an amended complaint adding three additional claims based on the circumstances surrounding his separation from IBM. The District Court[1] granted IBM summary judgment. Weed appeals, arguing that the District Court should not have treated IBM's motion as one for summary judgment; that the Court erred when it held his claims were barred by res judicata and collateral estoppel; and that he stated a claim under the Polygraph Act.
 
 
 2
 We conclude the District Court correctly treated IBM's motion to dismiss as one for summary judgment, because the parties submitted and the Court considered materials outside the pleadings. We agree with the District Court that res judicata barred Weed's separation-related claims, including those claims he sought to add in his amended complaint. See Weed v. International Business Machs. Corp., No. 95-1099, 1995 WL 437937, at * 1 (unpublished per curiam) (affirming grants of summary judgment and judgment as a matter of law in case based on Weed's separation from IBM), cert. denied, 116 S.Ct. 975 (1996). We also agree with the District Court that Weed failed to state a claim under the Polygraph Act.
 
 
 3
 Accordingly, we affirm. See 8th Cir. R. 47B.
 
 
 
 [1]
 The Honorable James M. Rosenbaum, United States District Judge for the District of Minnesota